| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| CLARENCE W. BILBREW, <br> TDCJ 882188 <br><br> PLAINTIFF, <br><br> v. <br><br> MR. WRIGHT, *et al.*, <br><br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-04-3500 |

## Opinion on Dismissal

Clarence Bilbrew, a prisoner, sues B. Wright, Mark Clarke, Brenda Chaney, Douglas Dretke, Chris Koenig, Frank Rodriguez, Brian Horn, V. Barrow, Arnold Salazar, Warden Wilson, and Patty Velasquez. 42 U.S.C. § 1983.

1. *Claims*

In his complaint, Bilbrew says Wright would not let him buy soap and "sufficient legal materials" at the commissary on March 10, 2004. Bilbrew had told Wright and other officers that he was allergic to state-issued soap. From this incident, Bilbrew claims denials of rights and privileges, including public humiliation and belittlement, failure to properly train and supervise, failure to protect, conspiracy, fraud, failure to enforce laws and rules, discrimination, denial of access to the courts, deliberate indifference to his health and well-being and to his right to pursue grievances and litigation, denial of the right to make commissary purchases, retaliation, and more.

To flesh out Bilbrew's claims, this court told Bilbrew to submit a definite statement by answering some questions. The law librarian did not provide him adequate access to legal materials and timely and efficient legal assistance. Wright told Bilbrew he did not let him buy the items because he was on disciplinary restrictions and the computer blocked the purchases. He told Bilbrew to check with security personnel about

the restrictions. Bilbrew sometimes had rashes and skin irritations after using the state soap.

In response to a question about what the defendants have done to him that is retaliation, Bilbrew says he cannot answer now, but it is extensive. When asked about the facts which show a retaliatory motive, Bilbrew says the defendants continually mocked him and the courts. When he told a lieutenant he would write the courts, the lieutenant said he did not care. A captain told other inmates to stay away from Bilbrew. Bilbrew claims that the defendants have repeatedly told him for six years that because of his writ writing he will suffer consequences and retaliation.

2. *Commissary Purchases*

The Constitution gives prison administrators wide discretion in running prisons. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). This discretion applies to the personal property prisoners may buy and keep. *Bell v. Wolfish*, 441 U.S. 520, 554-55 (1979). The Constitution does not require that a commissary sell soap and legal materials to prisoners.

The Eighth Amendment protects against deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Bilbrew's skin rashes from state soap are not a serious medical problem.

3. *Retaliation*

A plaintiff claiming retaliation must show that the defendant intended to retaliate against the prisoner for his exercise of a first amendment right, a retaliatory adverse act, and that the adverse action was caused by a retaliatory motive. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997).

Bilbrew claims retaliation but offers no specific actions prison employees took against him. His facts in support of a retaliatory motive do not show one. His conclusory allegation that the defendants have repeatedly told him he will suffer consequences and retaliation because of his writ writing is insufficient. *Woods v. Smith*, 60 F.3d 1161, 1166

(5th Cir. 1995).

Bilbrew shows that he has done things which have upset guards and prison officials. However, he does not say anything specific enough in his complaint or definite statement to show that they retaliated against him. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (upholding a dismissal where the plaintiff was allowed to expand his claims and facts in response to a questionnaire but still did not state a claim).   Bilbrew fails to state a retaliation claim.

4. *Access to the Courts*

The right of access to the courts is limited to "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [a prisoner's] conviction or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Bilbrew has sued 13 times in this court in the last two years. Half of those lawsuits are still pending. The dockets in those suits do not show any inability to present his claims to this court. Bilbrew does not claim a denial of the opportunity to sue and does not show harm in any of his lawsuits. *Id.*, 518 U.S. at 349 (under the doctrine of standing, the right of access to the courts applies only to prisoners who suffer actual harm in a particular lawsuit).

Bilbrew fails to state a claim of denial of access to the courts.

5. *Conclusion*

Bilbrew offers no facts supporting his myriad other claims. These claims will be dismissed.

This case is dismissed.

The clerk will send a copy to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

Signed and Entered June 6, 2005, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge